OPINION
The State appeals the trial court's decision suppressing evidence obtained during the execution of a search warrant at 706 Kammer Avenue in Dayton, Ohio. Defendant-Appellee, Tony Hill's brief, while untimely filed, was still fully considered by this court.
On Thursday, September 21, 2000, Judge McCollum of the Dayton Municipal Court issued a search warrant for said residence. The warrant was then executed on Tuesday, September 26, 2000. During the search, the officers found evidence that Hill resided at the home. As a result of the evidence obtained during the search, Hill was indicted for possession of crack cocaine. Hill filed a motion to suppress the evidence or, in the alternative, to dismiss the indictment. Following a hearing on the matter, the trial court sustained the motion to suppress, finding a violation of Crim.R. 41(C). The State has appealed, raising the following assignment of error:
 The trial court erred when it suppressed the evidence in this case because the evidence was seized pursuant to a valid warrant.
According to Crim.R. 41(C), a search warrant "shall command the officer to search, within three days, the person or place named * * *." The warrant in this case did state that it should be executed within three days. Because five days passed between the warrant being issued and being executed, the trial court found the search to be invalid and suppressed all the evidence.
However, the trial court failed to consider Crim.R. 45(A). This rule provides:
 In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.
We have previously addressed the application of this rule to the execution of search warrants under Crim.R. 41(C). See State v. Crane (Feb. 25, 2000), Montgomery App. No. 17967, unreported. Crane similarly involved a search warrant executed over three days after it was issued, but with an intervening weekend. Crane argued that Crim.R. 45(A) should not apply to the time for execution of search warrants because they are commonly executed on Saturdays and Sundays. Nevertheless, we found that Crim.R. 45(A) "clearly and unambiguously applies."
According to Crim.R. 45(A), Thursday, September 21, when the warrant was issued, would not be included in the time computation. Likewise, Saturday and Sunday, September 23 and 24, would also not be included since the total time allowed is less than seven days. Therefore, only Friday, September 22, Monday, September 25, and Tuesday, September 26 should be included in the calculation. As a result, the warrant was executed on the third day, which is within the requirement of the rule.
Based on the foregoing, the trial court's decision sustaining Hill's motion to suppress is reversed, and the case is remanded for further proceedings.
GRADY, J., and YOUNG, J., concur.